## 28628. HAMILTON v. HAMILTON.

Gunter, Justice.

This is an appeal from a judgment holding the appellant in contempt of court for failure to comply with the provisions of an alimony decree. The alimony decree was entered on May 9, 1973; a contempt judgment was entered on September 17, 1973 ordering the appellant to comply with the terms of the alimony decree, and it further provided: "It is further ordered that in the event the said Willard Hamilton does not comply with each and every order of said decree before October 1, 1973, he shall be forthwith committed to the common jail of Rabun County, Georgia, and there held for a period of twenty days as hereinabove set forth"; on October 29, 1973 another contempt judgment was entered, and it provided as follows: "It is ordered and adjudged that the said Willard Hamilton be held in the common jail of Rabun County until such time as he purges himself of this contempt by complying with the previous orders of this court"; a judgment entered November 16, 1973 recited that the defendant (appellant here) had requested a supersedeas bond, and it ordered the release of the defendant upon the posting of a four thousand dollar supersedeas bond; and a notice of appeal was filed on November 19, 1973.

The appellant has enumerated two errors in this court. The first is that the trial judge committed error in the October 29 judgment by finding and holding the

appellant in contempt of court by virtue of decree of divorce entered on May 9, 1973. There is no transcript of evidence submitted at the contempt hearing. Appellant's main argument is that the provisions of the alimony decree were vague and indefinite, and that the appellant could not be held in contempt of court for failure to comply with these vague and indefinite provisions of the alimony decree. Having reviewed this decree, we find that it is not vague and indefinite, and it is subject to enforcement by the court.

The second enumerated error contends that the trial judge erred in his judgment of November 16, 1973 (dated November 6, 1973) in requiring appellant to post a four thousand dollar supersedeas bond pending appeal. The record here is silent as to whether such a bond was ever posted by the appellant, and appellee in her brief says: "Counsel for appellant has devoted a considerable portion of his brief to a discussion of the bond of appellant. Counsel for appellee is unable to find such a bond in either the record or in the documents on file in the office of the clerk of Rabun Superior Court."

Assuming, but not deciding, that it was erroneous to require the posting of a supersedeas bond in this contempt case, since the record does not affirmatively show that such a bond was filed, and since the appellee asserts in her brief that no such bond can be located in the clerk's office, this is not an issue for decision in this case.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 11, 1974 — DECIDED APRIL 16, 1974.

*Douglas W. McDonald,* for appellant.
*Frank Sutton, W. Thomas Slowen,* for appellee.